## JAMES v. STATE.

1. **RECORDS:** *Power of court to amend: Practice.*
   A court has power to amend its record at any time, on sufficient showing, so as to make it speak the truth; and when the clerk has omitted to endorse the filing on an indictment, the court may, upon satisfactory evidence of its filing, order the endorsement *nunc pro tunc,* and then overrule a pending motion for arrest of judgment for want of such filing.

2. **EVIDENCE:** *Of official character.*
   Proof that an individual has acted as a public officer is *prima facie* evidence of his official character, and it may be by parol. And this is applicable to overseers of roads, and the production of the record of their appointment is unnecessary.

3. **SAME:** *List of hands to work road filed in clerk's office.*
   The list filed in the clerk's office by the apportioning justice of the the peace of hands apportioned to a road overseer, is admissible evidence of the apportionment, though not endorsed "filed" by the clerk.

4. **ROADS AND HIGHWAYS:** *Exemptions from work on.*
   Mail riders are not exempted by statute from labor on highways.

APPEAL from *Perry* circuit court.

Hon. J. B. WOOD, Circuit Judge.

*Monroe James, pro se.*

The records of the county court were the best evidence of the appointment of Barber as road-overseer, and of Hamilton as apportioning justice, and should have been introduced, unless shown to have been lost or destroyed. Until this was done, parol testimony was inadmissible. *5 Wend., 231; 87 Maine, 429; 17 Conn., 588; Gantt's Dig., sec. 5,308 et seq.; 1 Wharton on Ev., secs. 63–65; 4 Ark., 129.*

The indictment was never filed with the clerk. *Gantt's Dig., sec. 1,779,* and the court, with a different judge and clerk, could not, more than a year afterwards, by a *nunc pro tunc* order, make it a public record.

*C. B. Moore,* attorney general for the State.

It was not necessary to produce the county court records to show that Barber was road overseer and Hamilton apportioning justice. The *list* was deposited with the clerk, and though not *marked* filed, the depositing with the proper officer was sufficient. *Sec. 5,340 Gantt's Dig. ; 21 Ark., 580; 27 Ib., 244.*

The failure to mark the indictment " filed " at the time was cured by *nunc pro tunc* order. *12 Ark., 62.*

Mail riders are not exempt from road duty.

Proof of working the road in another district *after he was warned by Barber* was no excuse.

ENGLISH, C. J.   At the April term, 1882, of the circuit court of Perry county, Monroe James was indicted for failing to work on a public road.   The substance of the charge was that on the fifteenth of September, 1881, the accused party being subject to road duty, in road district No. 3 of said county, was warned to attend and work, and failed to pay for the time he was warned, or attend and work, or to furnish a substitute, etc.

He pleaded not guilty, was tried by a jury, convicted and fined $15, filed motions in arrest of judgment and for a new trial, which were overruled, and he took a bill of exceptions and appealed.

I. The ground of the motion in arrest was that the indictment had never been filed, and was not a matter of record in the court.

*1. RE-CORDS: Power of court to amend. Practice.*

On the hearing of this motion the court found that the record showed that the indictment was returned into court by the grand jury on the thirteenth of April, 1882, and filed, but that the clerk had omitted to endorse it filed. The court thereupon ordered the clerk to endorse it filed *nunc pro tunc*, and then overruled the motion in arrest of judgment. There was no error in this. A court has power at any time, on sufficient showing, to amend its records so as to make them speak the truth.

It is matter of no consequence that there had been a change of the judge and of the clerk between the time of the return of the indictment into court and the time the amendment was ordered. The record entries showed all the necessary facts to make the amendment by.

The motion for a new trial was grounded upon exceptions taken to rulings of the court at the trial.

II. The bill of exceptions shows that on the trial the State introduced Marion Barber as a witness, who testified that he was overseer of road district No. 3 during the years 1881 and 1882, which said road was during said years a public road in Perry county, and that he as such overseer warned appellant to work on said road three days, etc.

*2. EVI-DENCE; Official character.*

Appellant objected to witness proving his appointment as overseer of the road by parol, and insisted that the State should produce the record of his appointment by the county court as the best evidence, and the court overruled the objection.

Although secondary evidence, as a general rule, is inad-

missible, unless it be shown that the primary or higher grade of evidence is unattainable, yet this rule has its exceptions; and proof that an individual has acted as a public officer is *prima facie* evidence of his official character and may be shown by parol. This is well established as to sheriffs, constables, justices of the peace, and a variety of other officers, and is applicable to overseers of roads. *State v. Stroope, 20 Ark., 202.*

So it was competent for Barber to testify that he was overseer of the road without the production of the record of his appointment. *Wharton on Criminal Evidence, (8th Ed.) secs. 164, 833.*

III. Barber further testified that he was furnished a list of road hands apportioned to him by J. C. Hamilton, apportioning justice, a justice of the peace of Fourche La Fave Township, Perry county, the apportioning justice for road district No. 3, and he produced the list of hands so furnished him, signed by J. C. Hamilton as such apportioning justice. To parol proof that Hamilton was such apportioning justice, appellant objected, and insisted that the State should be required to produce the record of his appointment by the county court as the best evidence, and the court overruled the objection.

What we have said above, in relation to proof of the official character of the overseer, applies to this objection.

3. SAME: List of hands apportioned to road overseer.

IV. Barber further testified that a copy of the list furnished him by Hamilton was in the clerk's office. Here the list in the clerk's office was produced and identified as a copy of the one furnished the witness by Hamilton. Appellant objected to its introduction because it was not marked filed, etc. The State introduced the clerk as a witness, who testified that the list was in his, the clerk's, office, with the other lists of hands apportioned to overseers, but there was no endorsement of filing thereon.

The statute provides that the apportioning justice shall

make out two lists of the hands apportioned to each over-seer, and shall deliver one to the overseer, and shall file the other in the office of the county clerk.    *Gantt's Dig.*, *sec. 5,340.*

The list produced from the clerk's office signed by Hamilton, and a copy of that delivered by him to Barber, was identified, and the failure of the clerk to endorse it filed, if it was his duty to do so, did not render it inadmissible in evidence.   Hamilton discharged his duty when he filed one of the lists in the clerk's office and delivered the other to the overseer, and the failure of the clerk to endorse the list filed could not be made to prejudice the public.

Barber testified that at the time he warned appellant to work on the road, he was living on the place of J. W. Harper in his road district.   That on a Monday morning, about sun up, within one year before the finding of the indictment, he warned him to work on the following Thursday, Friday and Saturday; that he failed to attend and work, or to furnish a substitute, or pay for the time, etc.

V. Defendant attempted to prove by J. W. Harper that at the time he was warned by Barber to work on the road, Harper had a mail contract, and that he was employed by Harper as mail rider, and was engaged to ride three days in each week, Thursdays, Fridays and Saturdays, and to work for Harper on other days, but the court excluded the evidence. **4. Mail riders not exempt from working roads.**

The statute does not exempt mail riders from labor on highways.   *Gantt's Dig,,* secs. 5,331–4.

VI. Appellant proved that before he moved into Barber's road district he had been warned by another overseer in another road district in Perry county, and worked two days, and that after he left Barber's district and moved into another district in Perry county, he was warned and worked one day on a road there.

The court ruled, in effect, that proof that he had worked

on a road in another district after Barber had warned him,. and he had left Barber's district, was no excuse for failing to work when warned by Barber, and inadmissible.

There was no error in this. Appellant could not excuse himself for his failure to obey Barber's warning by proving that he had afterwards gone into another district and worked there.

Affirmed.