# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

RIDER *v.* STATE.

## Opinion delivered September 29, 1919.

1. HOMICIDE — SELF-DEFENSE—BELIEF OF IMMEDIATE DANGER—IN-STRUCTION. In a prosecution for homicide, where the jury found that the killing was not in necessary self-defense and was not done in a sudden heat of passion caused by provocation apparently sufficient to make the passion irresistible, it was not error for the trial court to have refused to instruct the jury that the degree of homicide should be reduced if they found that the accused honestly believed at the time he fired the shot that he was in immediate danger of great bodily harm.

2. TRIAL — IMPROPER ARGUMENT — PREJUDICE.—In a prosecution for homicide counsel for the State, in his closing argument, said: "If you should render a verdict of manslaughter in this case" counsel for the defense, naming them, "would go out over this town and say that they had won the greatest victory they had ever won." Objection was made to these remarks. *Held*, while these remarks were improper, they were not prejudicial.

3. TRIAL—CONTINUANCE—ABSENT WITNESSES.—It is not improper to refuse a continuance on the ground of absent witnesses, when other witnesses present testified to the same facts.

4. TRIAL—CONTINUANCE—ABSENT WITNESS—DILIGENCE.—It is proper to refuse a continuance on the grounds of an absent witness where appellant's motion failed to show diligence on his part, and also failed to show where the absent witness was at that time or that his attendance could be procured at the next term.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*McCaleb & McCaleb* and *Samuel M. Casey,* for appellant.

1. Defendant's motion for a continuance should have been granted. The proper showing was made and the court abused its discretion in refusing a continuance. 99 Ark. 394; 94 *Id.* 545; 71 *Id.* 180; 60 *Id.* 564; 21 *Id.* 460.

2. The court erred in refusing to give instruction No. 1-A, asked by defendant. It correctly states the law and is not covered by any other given. 74 Ark. 453; 102 *Id.* 109; 120 *Id.* 30-34; 91 *Id.* 570-575.

3. The argument of the prosecuting attorney in his closing speech was prejudicial. 61 Ark. 130; 58 *Id.* 353; 95 *Id.* 233; 99 *Id.* 558; 75 *Id.* 577. The court by refusing to interfere approved the prejudicial statements. 99 Ark. 563.

4. The issue as to manslaughter should have been submitted to the jury as requested by defendant as there was evidence to sustain the theory of manslaughter. 74 Ark. 453; 91 *Id.* 570, and cases *supra.* See also 100 Ark. 124.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. The motion for continuance was properly overruled. It was within the sound discretion of the court and no abuse of discretion is shown. 40 Ark. 144; 26 *Id.* 323; 79 *Id.* 594; 82 *Id.* 203; 100 *Id.* 132; 103 *Id.* 354; 109 *Id.* 450; 110 *Id.* 402. Due diligence was not shown. 94 Ark. 169; 71 *Id.* 62. It was not shown that the witnesses were residents of this State. They may have been nonresidents. 110 Ark. 402; 90 *Id.* 384; 103 *Id.* 509.

2. There was no error in refusing instruction No. 1-A, as it was amply covered by the charge of the court to the jury generally and in No. 8 given.

3. There was no reversible error in the argument of the prosecuting attorney. No clear abuse of discretion by the court is shown. 23 Ark. 32; 193 S. W. Rep. 89; 74 Ark. 256. It was a mere expression of opinion. 112 Ark. 452; 115 *Id.* 101.

McCULLOCH, C. J. Appellant, Oliver Rider, was convicted of murder in the second degree in the killing of Lon Hatler, which occurred on March 3, 1919, in the county of Independence.

The killing occurred out in a field on a farm occupied by appellant under a lease. Appellant had subrented that part of the farm to a tenant named Pharr, and appellant was working with Pharr in the field at the time of the killing. Hatler had cultivated another field during the previous year under rental contract with appellant, and the quarrel which led up to the killing grew out of differences between the men as to whether or not Hatler had the right to cultivate the field another year. Appellant admitted that he killed Hatler, but contended that he did so in self-defense or under circumstances which reasonably induced in his mind a belief that Hatler was about to make an assault on him with a deadly weapon.

The court gave appropriate instructions on the law of self-defense and there is no complaint concerning the rulings of the court in that respect. The court also gave a correct instruction, which was not objected to, on the law of voluntary manslaughter where the killing had been done in a sudden heat of passion, but error of the court is assigned in refusing to give the following instruction requested by counsel for appellant:

"If you believe from the evidence that defendant and deceased, Hatler, became involved in a sudden difficulty in which the deceased cursed defendant and struck him and made a demonstration as if to draw a deadly weapon upon defendant, and if, under these circumstances, defendant shot, not in the heat of passion, but because he, in good faith, believed that he was in immediate danger of an assault with a deadly weapon, or that he would receive great bodily harm from deceased, then, even though you may further believe that defendant acted too hastily and without due care, you should convict him of manslaughter and not of murder."

It is conceded that this instruction is a correct statement of the law, but it is contended on the part of the State that, under the proof adduced and in view of the findings of the jury on the plea of self-defense and on the issue as to the killing being done in a sudden heat of passion, there was nothing in the evidence to base this instruction on. Pharr was the only eye-witness to the killing except appellant and Hatler, and his testimony makes out a clear case of murder. There was nothing in his testimony to justify a finding that the killing was done in self-defense or under an honest belief on the part of appellant that he was in danger of serious bodily harm. The only theory upon which the jury could have based a verdict on the testimony of Pharr for a lower degree of homicide than murder was that the killing was done in a sudden heat of passion, aroused by the conduct of Hatler in using insulting language to appellant and in striking him. There is little, if any, conflict between the testimony of Pharr and that of appellant himself on this phase of the case. They both testified that Hatler participated in the quarrel and used insulting language to appellant and struck him a blow on the temple. The witnesses differ to some extent as to what subsequently occurred. Appellant testified that he and Hatler were standing in the field at or near a plow that appellant was using and that they quarreled concerning the occupancy that year of the field which Hatler had cultivated the previous year. He stated that Hatler continued to abuse him and used vilely insulting language and finally walked up to him (appellant) where he was standing at the end of the plow and struck him a severe blow on the temple and then stepped back and threw his hand toward his pocket. He said that he then drew his pistol and that Hatler then sprang forward and grabbed the pistol with both hands and that he (appellant) began firing and continued firing until Hatler fell mortally wounded and immediately expired. Pharr testified that, after Hatler fell, he arose to his knees and that appellant walked up to him and pushed aside his cap and fired the last shot through

Hatler's forehead. The body was removed to a hiding place in the bed of a dry slough and subsequently thrown into the river. There is a conflict in the testimony of appellant and Pharr as to whether or not the latter assisted in concealing the body.

Now, it is to be remembered that the jury, upon correct instructions on the law of self-defense, found against appellant on that issue, and also found, upon correct instructions, that the killing was not done in a sudden heat of passion, aroused by sufficient provocation, and, that being true, there is nothing in the testimony of appellant himself to justify a submission of the issue that he fired the shot too hastily and without due care but under an honest belief that he was in danger of great bodily harm. While he states that the deceased, after striking him, stepped back and threw his hand to his pocket, he says at the time he began firing the deceased was making no attempt to draw a weapon, but was endeavoring to seize the weapon which he (appellant) was attempting to use, and did immediately use. If, in other words, the killing was, as the jury found, not in necessary self-defense and not done in a sudden heat of passion caused by provocation apparently sufficient to make the passion irresistible, then there was no room for the jury to find from the testimony adduced that appellant honestly believed at the time he fired the shot that he was in immediate danger of great bodily injury. There was no error, therefore, in the ruling of the court in refusing to give the instruction quoted above.

It is next contended that alleged improper conduct on the part of the prosecuting attorney in the closing argument before the jury calls for a reversal of the judgment. The conduct of the prosecuting attorney to which this assignment relates is in making the following statement to the jury in his closing argument: "If you should render a verdict of manslaughter in this case, Judge McCaleb and Sam Casey would go out over this town and say that they had won the greatest victory they had ever won." Objection was made, which the court

failed to sustain. This remark had, of course, no relevancy to the issues in the case, and it was improper for the prosecuting attorney to make use of it, but we can not see how it could possibly have resulted in any prejudice to appellant's cause. Such controversies between counsel in the trial of a case are unfortunate, and, to say the least of it, out of place, but unless we can see that prejudice might have resulted it would be an abuse of power to set aside a verdict because an improper or uncalled-for remark was made by counsel.

There is only one other assignment of error, and that relates to the ruling of the court in refusing to grant a continuance to give time for appellant to procure the attendance of three absent witnesses. Two of the witnesses would have been introduced, according to the recitals of the motion, for the purpose of impeaching the character of the witness Pharr, but no prejudice resulted from refusing to postpone on that account for the reason that appellant introduced numerous other witnesses who testified that they were acquainted with the reputation of Pharr, and that, according to that reputation, he was unworthy of belief. The testimony of the other witness was sought to prove a contradictory statement by Pharr, but the motion failed to show sufficient diligence on the part of appellant, and also failed to show where the absent witness was at that time or that his attendance could be procured at the next term. True, it is stated in the motion that appellant believed that if granted a continuance until the next term he could procure the attendance of the witness, but he failed to state any facts which tend to support that allegation. The court did not, therefore, abuse its discretion in refusing to grant a continuance.

Judgment affirmed.