## BRISCOE *v*. STATE.

### Opinion delivered September 26, 1921.

1. CRIMINAL LAW—EVIDENCE ILLEGALLY PROCURED.— The fact that evidence was obtained by means of a wrongful search of defendant's premises without a search warrant does not render it inadmissible.

2. WITNESSES—PLACING UNDER THE RULE.—Whether witnesses shall be placed under the rule is a matter addressed to the sound discretion of the court.

3. CRIMINAL LAW—EVIDENCE.— It was error to permit an officer in a prosecution for manufacturing intoxicating liquors, after testifying that he found a dismantled still on defendant's premises, to testify further that it had been his experience that persons engaged in illicit distilling generally dismantle their stills after a run had been completed.

Appeal from Polk Circuit Court; *James S. Steel,* Judge; reversed.

*Norwood & Alley,* for appellant.

It being admitted that the officers, Tisdale and Hazel, had no warrant authorizing them to search the premises of the appellant and Benson, it was error to permit them to testify as to what they found as the result of such illegal search, and to admit evidence of anything found at Benson's or of anything he said. Amendment No. 4, Constitution, U. S.; 116 U. S. 616; *Id.* 746; 232 *Id.* 652; *Id.* 383; 270 Fed. 578; 233 *Id.* 481; 263 *Id.* 113.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

1. Exceptions saved to the giving of instructions without first having objected thereto and sustained an adverse ruling by the court on the objection, afford no ground for review of the instructions on appeal. 129 Ark. 316; 96 Ark. 52. An objection that an instruction assumed a fact or facts as proved, and is misleading for that reason, will not be considered on appeal unless specific objection was made at the time the instruction was given. 111 Ark. 196; 136 *Id.* 272.

2. Since the defendant testified in his own behalf, it was not reversible error to instruct the jury that he had that right and that they should give his testimony the same fair and impartial consideration they would give to the testimony of other witnesses, but that in weighing his testimony they should consider that he was the defendant and interested in the result of their verdict; that they were not blindly to accept it as true, but should consider whether it was true and made in good faith, etc. 58 Ark. 362.

3. The instructions given are to be considered as a whole and as declaring the law of the case. 123 Ark. 583; 109 Ark. 378.

4. There was no abuse of discretion in allowing the witnesses, Tisdale and Hazel, to remain in the court room after the witness had been put under the rule. 90 Ark. 135; 93 *Id.* 141; C. & M. Digest, §4191.

5. The testimony of witnesses Tisdale and Hazel was not rendered incompetent or inadmissible, even if their search was made without a warrant. 62 Ark. 538; 1 Greenleaf on Ev. §254a; 192 U. S. 585; 157 Mass. 519, 32 N. E. 910; 165 Mass. 11, 42 N. E. 329; 166 Mass. 370; 44 N. E. 503; 162 U. S. 585; 119 U. S. 436, 3 L. Ed. 421, 7 Sup. Ct. Rep. 226; 127 U. S. 700, 32 L. Ed. 283, 8 Sup. Ct. Rep. 1204.

6. An assignment of error based on the exclusion of testimony will not be considered on appeal where there was no offer to show what the witness would have testified. 88 Ark. 562; 87 *Id.* 123; 133 Ark. 599.

7. It was within the discretion of the court as to whether or not the jury would be permitted to view the premises, and the refusal of such permission was not error. 114 Ark. 243; 26 R. C. L. 1017.

HUMPHREYS, J. This is an appeal from a judgment of conviction and sentence to the penitentiary for one year of appellant, for manufacturing and being interested in the manufacture of ardent, vinous, malt, fermented, intoxicating, spirituous, and alcoholic liquor. Appellant was convicted upon circumstantial evidence J. T. Tisdale, a United States Government prohibition enforcement officer, being informed that appellant was interested in operating a still in Polk County, met appellant on the highway, near appellant's home, and searched his person, and found a pint of moonshine whiskey in his pocket, then proceeded to search appellant's home, and found nearly a gallon of moonshine liquor, also several pint bottles on a table, containing small amounts of it, also two sacks of sprouted or malt-corn in the smokehouse, also a number of fruit jars containing small amounts of whiskey, also a small joint of copper piping,

for use as a worm in the manufacture of whiskey, in the trunk of a Mr. Williams, a joint cropper of appellant; also found, some half mile from appellant's house, in the woods, a pipe bent in the shape of an "S" which had been used as a worm for a still, together with a cooling trough, which had been recently deposited there; also found, in a field at the Benson home, near appellant's, which was cultivated by appellant and Williams, a pit or cave covered with rib poles and shingles, which contained a furnace and pipe and six barrels, four large ones and two small ones, which barrels contained mash or beer, some of which had run out of the barrels on to the ground, and was a composition of distilled mash or beer. At the time the cave was discovered, the roof and entire contents thereof were on fire, and it was so hot that the revenue officer could not secure a sample of the mash or beer. Mrs. Benson was the mother of appellant, and, at the Benson home, containers were found with a small amount of moonshine whiskey in them. A distillery set or furnace was also found some fifty yards below appellant's house, which had been out of use for some time.

These and other circumstances discovered during the search of appellant's person and the homes of appellant and Benson were detailed in the trial of appellant by Tisdale and his assistants in the search. The search was made without a search warrant. In the course of the trial, J. T. Tisdale, the Government prohibition enforcement officer, was recalled for further examination and the record reflects the following occurrence:

"It has been my (Tisdale's) experience when I captured moonshine stills if they are not in operation—

*Mr. Alley:*    "We object to that.

*Court:*   "Go ahead."

Exceptions saved and noted.

"Usually when they get through with these mountain distilleries, they dismantle the still, and the worm, cap and boiler, if there is any, are taken away and hid; and

nine out of ten instances it is that way, and we have to make a considerable search away from the still to find them."

*Mr. Alley:* I object to that evidence and move to exclude it. It is nothing more than an argument in the case.

*Court:* "He is just giving his experience with other stills. It is not an argument. I think that it is competent to show the way these wildcat stills are generally run."

Exceptions saved and noted.

J. T. Tisdale and D. A. Hazel, a deputy sheriff who assisted Tisdale in making the search, were permitted to remain in the court room during the trial, over the objection of appellant, to which ruling of the court an exception was preserved. Appellant also preserved an exception to the ruling of the court over his objection permitting the witnesses who made the search to detail the facts and circumstances discovered during said search. Other exceptions preserved by appellant, relating to the sufficiency of the evidence and to instructions given and refused, appear in the record, but we deem it unnecessary to state them, as the case must be reversed and remanded for a new trial because incompetent evidence prejudicial to appellant was admitted.

Appellant contends that the court committed reversible error in permitting J. T. Tisdale and his associates in the search to testify to facts and circumstances discovered during the search of appellant's person, his residence and the residence of W. C. Benson. The court ruled adversely to the contention of appellant on this point in the case of *Benson* v. *State, ante* p. 633.

Again, appellant contends that the court committed reversible error in permitting J. T. Tisdale and D. A. Hazel to remain in the court room during the trial when all other witnesses had been put under the rule and ex-

cluded from the room. This point was also decided adversely to the contention of appellant in the case of *Benson* v. *State, supra.*

Appellant also contends that the court erred in permitting witness Tisdale to testify what had been his experience in capturing moonshine stills and the habits of moonshiners generally in dismantling stills when the run had been completed, and hiding the worm, cap, boiler and other parts at a distance from the still. The admission of these statements was, in effect, allowing the witness to bolster up his own evidence and calculated to give it undue effect, and, as he had testified to the circumstances and facts tending to establish the guilt of appellant, was necessarily prejudicial to him.

For the error indicated, the judgment will be reversed and the cause remanded for a new trial.