McGARITY v. STATE.

Opinion delivered January 23, 1922.

1. INTOXICATING LIQUORS—SETTING UP STILL.—A "still" is set up within Gen. Acts 1921, p. 373, § 3, when all the parts are assembled at one place and are ready for use as a still when connected together.

2. CRIMINAL LAW—ABSTRACT INSTRUCTIONS—HARMLESS ERROR.—In a prosecution for setting up a distillery for manufacturing distilled spirits for beverage purposes, in violation of Gen. Acts 1921, p. 373, § 3, the court's error in reading to the jury sections 1 and 2, making it unlawful to make or ferment mash, wort or wash fit for distillation, or to possess a still, was not ground for reversal where instructions made it plain that defendant was being tried under § 3.

3. INTOXICATING LIQUORS—EVIDENCE.—In a prosecution for setting up a "still", upon proof that the apparatus was found disconnected, it was not error to permit an experienced witness to explain the various parts of the still and how they were put together.

Appeal from Grant Circuit Court; *W. H. Evans,* Judge; affirmed.

STATEMENT OF FACTS.

Bert McGarity was indicted for the crime of setting up a distillery in this State for the purpose of manufacturing distilled spirits for beverage purposes.

Ed. F. McDonald, sheriff of Grant County, Arkansas, and two of his deputies, were witnesses for the State. According to their testimony, they went to the neighborhood where Bert McGarity lived to make an investigation, and about 150 yards from Stan Collins' house

they found a worm. On the next morning they went down there and saw Bert McGarity in a bunch of bushes in a stooped position, and it looked like he was filing on something. He was about 50 yards from the sheriff and the deputies in fairly open woods, and when he saw them he ran off in the opposite direction. They could see for about 200 yards up the open flat, and the sheriff shot twice to stop him, but he did not stop. They then went on up where the defendant was when they first saw him. They found some piping, a gasoline tank, about 60 gal lons of mash, and all the fixtures belonging to a still. The still was not connected together, but all that had to be done to put it in operation was to connect the pipes and build a fire under it.

According to the testimony of the sheriff, from his experience in capturing wildcat stills he knew how they were connected and set up for use. He took the different parts of the still which he had taken and put them together. He testified that they found all the parts necessary to constitute a still if they were connected. The mash they found was ready to make up, and there was nothing to do but connect the still, put in the mash, and start the fire. They found some empty fruit jars near by and a little charcoal which might be used for filtering purposes. This all occurred in Grant County, Arkansas.

The jury found the defendant guilty and assessed his punishment at one year in the State penitentiary. From the judgment of conviction the defendant has duly prosecuted an appeal to this court.

*Isaac McClellan* and *D. E. Waddell*, for appellant.

*J. S. Utley*, Attorney General; *Elbert Godwin* and *W. T. Hammock*, assistants, for appellee.

There is no variance. The act of assembling all the parts of the still in one place, for the purpose of manufacturing intoxicating liquor, even though the parts were not connected, was in itself sufficient proof that he

intended to violate the law. 27 Ky. (4 J. J. Marsh) 177;
7 Words & Phrases, p. 6445.

Even if it was error for the prosecuting attorney to
read sections 1 and 2 of act 324 of Acts of 1921, it was not
prejudicial. One alleging error must show prejudice. 89
Ark. 95; 89 Ark. 556.

HART, J. (after stating the facts). It is first ear-
nestly insisted by counsel for the defendant that the
testimony is not legally sufficient to support the verdict.
The defendant was indicted for the offense of setting up
a distillery for the purpose of manufacturing distilled
spirits for beverage purposes, and the indictment was
found under § 3 of Act 324 of the General Acts of
Arkansas 1921, p. 372. Sec. 3 reads as follows:

"No distillery shall be set up in this State for the
purpose of manufacturing distilled spirits for beverage
purposes, and no distillery shall be used in the manufac-
ture of such spirits. Any device or any process which sep-
arates alcoholic spirits from any fermented substances
shall be regarded as a distillery."

According to the testimony for the State, the sheriff
of Grant County and his deputies found the defendant
stooping over in the woods in Grant County as if he was
filing something. When he saw them, he ran away.
When they got there, they found all the parts of a still
and some mash which was ready to be distilled into spir-
ituous liquors. All that was necessary to do to make
spirituous liquors was to connect the pipes of the still,
put the mash in, and start a fire.

It is the contention of counsel for the defendant
that this did not constitute setting up a still within the
meaning of the statute. We cannot agree with counsel
in this contention. The words "set up" constitute a
phrase of very wide latitude of meaning. The phrase as
used in the statute does not necessarily and exclusively
apply to a complete construction of the still so that it
is ready for use. We think a still is set up when all the

parts are assembled at one place and are ready for use as a still when connected together. Otherwise a person might assemble all the parts of a still ready for use and after making a run, by simply unscrewing a pipe and disconnecting the parts, evade the statute.

The sheriff testified that all the parts were there, and that all they had to do to put the still in operation was to connect the pipes and build a fire.

The evident purpose of the statute was to prevent any one from erecting a still and operating it. We think that, when all the parts are assembled and ready for use when the pipes are connected, a still is set up within the contemplation of the statute. The evidence showed that there was a lot of mash ready to be distilled into spirituous liquors when the still was connected and a fire built under it. This showed that it was the intention of the party owning or operating it to use it for manufacturing distilled spirits for beverage purposes. The defendant was found there bending over, filing something, and ran away as soon as he was discovered. The jury might have found from his action that he was operating the still and was in the act of connecting its parts together for that purpose when he was discovered. This, in our opinion, was sufficient to warrant the jury in finding a verdict of guilty.

Counsel for the defendant also insists that the court erred in instructing the jury and refusing to give certain instructions asked by the defendant. We need not set out the instructions given, nor those refused. Those given are in conformity with the law as laid down in this opinion and those asked by the defendant are predicated upon the idea that the still was not set up within the meaning of the statute so long as its parts were not connected together.

It is next insisted that the court erred in reading sections 1 and 2 of act 324, above referred to, which makes it an offense to set up or operate a distillery in the State of Arkansas. Section 1 makes it unlawful to

make or ferment mash, wort or wash. Section 2 makes it unlawful to possess a still. Section 3 makes it unlawful to set up or operate a distillery and defines the word "distillery."

The defendant was indicted under section 3, and the court should not have read to the jury sections 1 and 2 of the statute, for the reason that they had no application. We do not think, however, that any prejudice resulted to the defendant from reading the sections of the statute referred to. The instructions of the court made it plain that he was being tried under section 3 of the act, and his guilt or innocence depended upon the construction to be given to that section.

When the instructions are considered with reference to the testimony introduced at the trial, we do not think that the jury could have been misled by the reading of sections 1 and 2 of the act to them. It is well settled in this State that a judgment of conviction will only be reversed for errors prejudicial to the rights of the defendant. *Sims* v. *State,* 131 Ark. 185; *National Union Fire Insurance Co.* v. *School District No. 60,* 131 Ark. 547, and *Rogers* v. *State,* 133 Ark. 85.

It is earnestly insisted by counsel for the defendant that the court erred in permitting the sheriff to testify how the parts of a still are put together for making fermented liquors and taking pipes and other parts of it and explaining to the jury how they were connected together.

Counsel rely upon the case of *Briscoe* v. *State,* 149 Ark. 648. In that case the court held that, on the trial of the defendant accused of being interested in the manufacture of intoxicating liquors, it was error to permit a prohibition enforcement officer to testify as to what had been his experience in capturing moonshine stills, and as to the habits of moonshiners generally in dismantling stills when the run had been completed and hiding the various parts of the still.

We do not think that case has any application to the facts presented by the record in the present case. The sheriff testified that he had had considerable experience in capturing moonshine stills and understood the parts necessary for their operation in distilling spirituous liquors and how to put them together ready for use.

In determining whether the still was set up within the meaning of the statute, it was competent to show by the sheriff that all the parts of the still were there, so that it was ready for operation when the parts were connected together.

We find no prejudicial error in the record, and the judgment will be affirmed.