## LASTER v. STATE.

### Opinion delivered February 6, 1922.

1. CONTINUANCE—ABSENT WITNESSES.—A continuance on account of absent witnesses was properly overruled where there was no showing as to the whereabouts of the witnesses.

2. WITNESS—CROSS-EXAMINATION AS TO COLLATERAL MATTER.—Where the prosecuting witness in a prosecution for arson was asked on cross-examination as to the state of feeling existing between him and the accused, the accused was bound by his answer, as it related to a collateral matter, and could not contradict him by other testimony.

Appeal from Mississippi Circuit Court, Chickasawba District; *R. E. L. Johnson,* Judge; affirmed.

*G. W. Barham, R. Duncan* and *E. E. Alexander,* for appellant.

The court erred in refusing a continuance of the case to procure the witnesses for appellant, and also in refusing to permit appellant to relate the state of feeling existing between himself and Martin.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

Appellant's motion for continuance was not verified until after the trial and judgment and was properly overruled. *Logan* v. *State,* ms. op.; 15 Ark. 252. Appellant did not exercise due diligence in procuring the attendance of his witnesses. *Coppersmith* v. *State,* 149 Ark. 597.

The testimony complained of by appellant as being refused by the court was not competent, nor such testimony as could be brought out on cross-examination. 16 Ark. 568; 132 Ark. 518. Before one can complain of excluded testimony, he must first show what such testimony would have been. 87 Ark. 123; 88 Ark. 362; 133 Ark. 599.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Mississippi Circuit Court, Chickasasawba District, for the crime of arson for unlawfully, feloniously, wilfully and maliciously burning a barn, the property of T. F. Martin, and as a punishment therefor was adjudged to serve a term of seven years in the State penitenitary. From the judgment of conviction an appeal has been duly prosecuted to this court.

The indictment was returned against appellant at the April, 1921, term of the court. He was arrested on the 11th day of April following, and at the July term thereafter the cause was continued on his application until the regular term of court which convened on the 31st day of October, 1921.

An alibi was interposed by appellant as a defense to the charge, and after the continuance of the cause at the adjourned term he had subpoenas issued and served upon certain witnesses for the purpose of establishing his defense. On the first day of the October term, which was the 31st day of October, appellant filed the following motion for a continuance until the next term of court:

"The defendant, J. B. Laster, prays the court to grant him a continuance in the above cause until the next term of this court, and for the grounds thereof says: That J. Jones and Della Jones, Jim Davis and Lizzie Davis are material witnesses for the defendant, and if present would testify that they were at the home of J. B. Laster on the night that Tom Martin's barn burned, and that J. B. Laster was at home during the entire time engaged in playing the graphophone. The defendant knows said fact to be true.

"The defendant is basing his defense upon an alibi.

"The defendant says that he has caused the above mentioned witnesses to be subpoenaed, and service has been had upon them; that said witnesses are not absent by the defendant's consent, connivance or procurement, and defendant believes that, if he is granted a continuance herein, he would be able to procure the said witnesses upon the trial of this cause, or take their depositions.          (Signed)   J. B. LASTER.

"J. B. Laster states that the facts set out in the foregoing motion are true and correct.

"Subscribed and worn to before me this the 31st day of October, 1921.

"JESSE L. RUSSELL, Clerk.''

Over the objection and exception of appellant the motion was overruled, and the overruling of the motion is assigned by appellant as a ground for the reversal of the judgment. The motion was properly overruled, as appellant made no showing as to the whereabouts of the witnesses at the time the motion was filed. It was necessary to know and allege the whereabouts of the witnesses so that the court might determine whether appellant could procure their attendance or their testimony at the next term of the court. The naked allegation in the motion that appellant believed that if granted a continuance until the next term he could procure the attendance of the witnesses or their testimony was insufficient. *Rider* v. *State,* 140 Ark. 1; *Adkisson* v. *State,* 142 Ark. 15.

The motion for a continuance for a few days read into the record on the second day of the term embodied a supposition that the witnesses were at Wilson, in said county, but the information was not definite, and was after the jury had been impaneled to try the case, and the motion itself did not meet the requirements of the statute governing continuances. *Brickey* v. *State,* 148 Ark. 595.

The only other assignment of error insisted upon by appellant for reversal is the refusal of the court to permit him, when on the witness stand, to explain the feeling existing between him and the prosecuting witness at the time the barn was burned. The attorney for the State made no attempt, when the prosecuting witness was called to the stand, to show by him that bad feeling existed between him and appellant at and before the time of the alleged crime. Appellant's own attorney brought out that fact on cross-examination of the prosecuting witness. The testimony elicited was collateral. This court said, in the case of *Crawford* v. *State*, 132 Ark. 518, that "the cross-examining party in a criminal case is bound by an answer concerning collateral matters." In the earlier case of *Atkins* v. *State*, 16 Ark. 568, this court said that "in such cases the cross-examining party must be satisfied with his" (meaning the witness being interrogated) "answer."

The judgment is affirmed.