## MASON v. STATE.

### Opinion delivered February 13, 1922.

CONTINUANCE—SUFFICIENCY OF APPLICATION.—Where a motion for continuance for absent witnesses stated that a subpoena for them had been placed in the sheriff's hands, and same has been returned *non est;* that the witnesses were temporarily out of the court's jurisdiction, but their presence could be secured if the case should be continued, no abuse of discretion was shown in denying the continuance, as the motion did not state where the witnesses were, why they left the State, nor any grounds for believing that their attendance could be secured at a later date.

Appealed from Jefferson Circuit Court; *W. B. Sorrels,* Judge; affirmed.

*H. K. Toney, Caldwell, Triplett, & Ross,* for appellant.

The court erred in refusing to grant appellant's motion for continuance.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

The motion for continuance was properly denied, as appellant made no showing of the whereabouts of the absent witnesses or that their atetndance could be procured by him in time for the trial, within the continuance requested by him. 113 Ark. 142; 100 Ark. 132; 100 Ark. 180; 54 Ark. 243; 96 Ark. 254; 95 Ark. 555; 120 Ark. 562; 71 Ark. 62.

HART, J. Jim Mason prosecutes this appeal to reverse a judgment of conviction against him for the crime

of selling intoxicating liquors. The only assignment of error urged for a reversal of the judgment is that the circuit court erred in overruling the defendant's motion for a continuance to procure the attendance of three witnesses named in the motion.

Pink Harris testified that he bought a pint of whiskey from the defendant at his place of business in Pine Bluff, Jefferson County, Arkansas, during the fall of 1919, and that Tom Cogbill, Clifton Clowers, and Bob Thomas were with him when he bought the whiskey. His testimony was corroborated by that of Tom Cogbill and Clifton Clowers.

In his motion for a continuance the defendant stated that he could prove by Al Kirk, Ed Wilson and Dudley Longley that they were present at all times when Pink Harris was at the business house of the defendant, and that the defendant did not sell or give any liquor of any kind to Pink Harris. The motion states that the defendant has used due diligence to obtain said witnesses, and has had a subpoena placed in the hands of the sheriff of Jefferson County for them; that the same has been returned *non est;* that the witnesses are now temporarily out of the jurisdiction of the court, but their presence can be obtained if the case is continued. The matter of granting continuances in criminal cases because of the absence of witnesses is largely within the sound discretion of the trial court, and its ruling will not be reviewed except in cases where manifest injustice has resulted to the defendant. No such abuse of discretion is shown in the present case. The motion is too indefinite. It does not state when the defendant caused a subpoena to be issued for the witnesses, or where they were when the subpoena was placed in the hands of the sheriff for service. It merely states in general terms that they were out of the jurisdiction of the court. The defendant should have stated where the witnesses were, why they left the State, and his grounds for believing they would return so that he could secure their attendance at a later date. *Jackson* v. *State,*

54 Ark. 243; *Puckett* v. *State,* 71 Ark. 62; *Rider* v. *State,* 140 Ark. 1, and *Hays* v. *State,* 142 Ark. 587.

Therefore, the judgment will be affirmed.