McGuffin v. State.

Opinion delivered January 8, 1923.

1. Intoxicating liquors—possession of unregistered still.—In a prosecution for possessing a still without registering it, evidence *held* sufficient to warrant conviction.

2. Indictment and information—amending record nunc pro tunc.—On a motion to quash an indictment on the ground that the records did not show that it was returned by the grand jury or filed in open court, it was not error, upon a proper showing, to amend the record *nunc pro tunc* to show such return and filing.

3. Continuance—showing of diligence.—Where one continuance was granted to defendant to procure the attendance of absent witnesses, and six weeks' later a second continuance was asked for the absence of the same witnesses, there was no abuse of discretion in refusing the second continuance where defendant did not show that he exercised any diligence to procure their attendance, or that he could procure same at any time in the future.

4. Continuance—list of witnesses.—Though the names of the witnesses for the State were not indorsed on the indictment, as required by Crawford & Moses' Dig., § 3010, where the court told defendant he could by motion have a list of witnesses for the State furnished him, it was not error to refuse a continuance until he could investigate them.

5. CRIMINAL LAW—STATEMENTS OF CONSPIRATOR.—Any act done or declaration made by one of two conspirators in furtherance of the conspiracy, though in the other's absence, may be shown in evidence against the other.

6. CRIMINAL LAW—EVIDENCE.—In a prosecution for possessing a still just after Christmas in 1921, evidence that a witness purchased liquor from accused on April 1, 1922, was competent.

7. CRIMINAL LAW—EXPERT TESTIMONY.—In a prosecution for possessing a still, the sheriff, being experienced in such matters, was competent to explain the various parts of the still and to show how they were put together.

8. CRIMINAL LAW—INSTRUCTION—HARMLESS ERROR.—In a prosecution for possessing a still, there was no prejudicial error in an instruction which stated the whole of section 2 of the act defining the offense, part of which related to other offenses, where in other instructions the court stated what offense defendant was charged with.

9. CRIMINAL LAW—INSTRUCTION—OBJECTION.—Where the court gave an instruction as to the credibility of witnesses and as to reasonable doubt, which was incorrect as to reasonable doubt, a correct instruction as to the credibility of witnesses, asked by defendant and given by the court, was not a specific objection to the reasonable doubt feature of the former instruction.

10. INTOXICATING LIQUORS—INSTRUCTION AS TO POSSESSION OF STILL.—In a prosecution for possessing a still, refusal of an instruction that the term "keep in his possession" as used in the act means ownership of such property right in the still as would give him control over the disposition or operation of the still was not error, as the statute is directed against possession of a still by two persons jointly as well as by one alone.

Appeal from Craighead Circuit Court, Lake City District; *R. E. L. Johnson,* Judge; affirmed.

*J. H. Johnson, Oliver Hurst* and *T. A. Turner,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm. T. Hammock,* Assistants, for appellee.

HART, J. Lonnie McGuffin prosecutes this appeal to reverse a judgment of conviction against him for the offense of keeping in his possession a still without registering the same as required by law.

While the defendant denied having in his possession the still in question, two witnesses for the State testified

that they went to the still just after Christmas in 1921, and saw the defendant and George King in possession of the still and manufacturing whiskey with it. This occurred in the Lake City District of Craighead County, Ark. We do not deem it necessary to set out the evidence in detail. It is sufficient to say that the evidence for the State warranted the verdict.

Counsel for the defendant insists that the court erred in refusing to quash the indictment. The ground therefor is that the records of the circuit court do not show that the indictment was returned by the grand jury or that it was filed in open court in the presence of the grand jury. Upon the hearing of the motion it appears that the indictment was returned at an adjourned day of the circuit court on July 11, 1922. The indictment is indorsed as follows: "Returned into open court by the foreman of the grand jury, in the presence of all the members thereof, and filed this 11th day of July, 1922." The indorsement was duly signed by the clerk.

According to the testimony of the foreman of the grand jury, the indorsement was correct, and the indictment was returned by the grand jury at an adjourned term of the court which began on the 10th day of July, 1922. Upon this evidence the court made a *nunc pro tunc* order amending its record to show that the indictment was returned into court by the foreman of the grand jury, in the presence of the grand jury, on July 11, 1922, and ordered to be filed by the clerk. There was no error in this. The court has the power at any time, on sufficient showing, to amend its records so as to make them speak the truth. *James* v. *State,* 41 Ark. 451.

It is next insisted that the court erred in refusing to grant the defendant's motion for a continuance on account of the absence of two of his material witnesses. It appears from the record that the defendant filed his motion for a continuance on the 11th day of July, 1922, and the court postponed the case to Aug. 21, 1922, to enable the defendant to procure the attendance of his wit-

nesses. On the 21st day of August, 1922, the defendant renewed his motion for a continuance because of the absence of the same witnesses. The defendant did not show that he had exercised any diligence to procure the attendance of the absent witnesses, or that he could procure their attendance at any time in the future. It appears from the sheriff's return that they were not within the jurisdiction of the court when the defendant filed his first motion for a continuance. Having failed to show that he exercised any diligence whatever in trying to locate the witnesses, or that he could ever obtain service of process upon them, there was no abuse of discretion in the court's refusing to grant his continuance. *Striplin* v. *State,* 100 Ark. 132; *Hopper* v. *State,* 151 Ark. 299, and *Laster* v. *State,* 151 Ark. 608.

It is next insisted by the defendant that he was entitled to a list of the State's witnesses, under § 3010 of Crawford & Moses' Digest. This section provides that, when an indictment is found, the names of all witnesses who were examined must be written at the foot of or on the indictment. In this connection it may be said that the testimony of the two witnesses who saw the defendant in possession of the still and making liquor with it were indorsed on the indictment.

The court told the attorneys for the defendant that he could, by motion, have a list of the witnesses for the State furnished him, but refused to grant a continuance to the defendant until he could investigate the witnesses for the State. No exceptions were saved to the ruling of the court, and besides this, there was no error in the court's ruling in this respect. *Snow* v. *State,* 140 Ark. 7; *Cole* v. *State, ante* p. 9.

It is next insisted that the court erred in refusing to withdraw from the consideration of the jury the testimony of Andrew Halfacre as to what George King had said to him in the absence of the defendant. Andrew Halfacre and Willie Williams were the two witnesses who went to the still and saw the defendant and George

King in possession of the still and manufacturing liquor with it. These witnesses went to the still for the purpose of obtaining some liquor. They found the defendant and George King in possession of the still, and they were in the act of manufacturing liquor with it. The liquor had not yet run through the worm when they first got there. The witnesses engaged King in conversation about the still and about procuring some liquor, and it is claimed that some of the testimony was incompetent because the defendant was out gathering wood and did not hear all of the conversation. This did not make any difference. The defendant and King had possession of the still and were both engaged in manufacturing the liquor. The testimony shows a conspiracy on their part to keep and operate the still. Any act done or declaration made by one of two conspirators in furtherance of the conspiracy, though in the other's absence, may be shown in evidence against the other. *Parker* v. *State,* 98 Ark. 575; *Butt* v. *State,* 81 Ark. 173; and *Hearne* v. *State,* 121 Ark. 460.

It is next insisted that the court erred in allowing Cecil McDuffey to testify that he had purchased liquor from the defendant on a certain occasion. The particular occasion was about the 1st of April, 1922, and the witnesses testified that the offense in question was committed just after Christmas in 1921. Therefore the testimony was competent. *Casteel* v. *State,* 151 Ark. 69.

It is next insisted that the court erred in admitting other witnesses to testify that they had bought moonshine whiskey from the defendant. This testimony was admissible, under the rule just stated.

The next assignment of error is that the court erred in permitting the sheriff to testify how a still was set up and operated. The sheriff was experienced in such matters, and was competent to explain the various parts of a still and show how they were put together. *McGarity* v. *State,* 151 Ark. 423.

It is next insisted that the court erred in giving instruction No. 2 to the jury. It is claimed that the error consisted in reading the whole of section two of the act defining the offense to the jury, when he was only charged with violating that part of it which prohibits any person from keeping in his possession a still without registering the same with the proper United States officer. In other instructions the court specifically told the jury what offense the defendant was charged with, and, when all the instructions are read together, it is apparent that the jury could not have been misled about the particular offense for a violation of which the defendant was being tried. Hence we do not think that any prejudice resulted to the defendant in this regard. *McGarity* v. *State*, 151 Ark. 423.

It is next insisted that the court erred in giving to the jury instruction No. 4. This is a very lengthy instruction, and combines in it a part of the court's charge relative to the credibility of the witnesses and the question of reasonable doubt. The part of the instruction to which the objection is made reads as follows: ''While you cannot arbitrarily disregard the evidence of any witness, yet if you find any witness has wilfully sworn false as to any material fact, then it is within your province to disregard all the evidence of such witness, or you can, if you see fit, give regard to such portion as you believe to be true and disregard that portion which you believe to be false.''

This court has held that, while an instruction in this form is faulty, it is not reversible error to give it, in the absence of a specific objection to it. *Seaton* v. *State*, 151 Ark. 240, and *Murchison* v. *State,* 153 Ark. 300.

But it is claimed by counsel for the defendant that a specific objection was made to the instruction, because they asked the court to give instruction No. 1, which reads as follows:

''If you should find that any witness has sworn falsely as to any material matter of fact in issue in this

case, then you may disregard such portions as you believe to be not true, or may reject it all, if you do not believe any of it to be true and the testimony wholly unworthy of credence."

This instruction was correct, and was given by the court. It did not serve as a specific objection, however, for the reason that it only covered the question of the credibility of the witnesses, and the instruction given by the court covered not only the question of credibility of the witnesses, but also that of reasonable doubt. Hence it cannot be said that the court's mind was particularly directed to the fault of which complaint is now made. The instruction was a very long one, and the court's mind should have been specifically directed to the fault which it is now insisted that the instruction had. If this had been done, doubtless the court would have changed the language of the instruction to meet the objection offered. The reason that a correct instruction asked by one party on a specific point amounts to a specific objection to an instruction given by the court at the request of the other party is because the mind of the court in reading them is directed to their inconsistency. The instructions, being on the same point, necessarily call the court's attention to their inconsistency. This is not the case where one of the instructions is long and involved and covers more than one point. Such is the case here, and we think that, in the absence of a specific objection, the court did not err in giving the instruction in question.

It is next insisted that the court erred in refusing to give instruction No. 3, which reads as follows: "You are instructed that the term 'keep in his possession,' as used in this act, means ownership of or such property right in as would give control over the disposition or operation of the same."

There was no error in refusing to give this instruction. The language of the statute is directed against the possession of a still by two persons jointly as well as by one person alone. *Ring* v. *State*, 154 Ark. 250.

Other assignments of error are urged upon us by counsel for the defendant for a reversal of the judgment, but we do not deem them of sufficient importance to merit a detailed discussion. It is sufficient to say that we have considered them, and find no reversible error in the record.

Therefore the judgment will be affirmed.